UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

STEVE CANTRELL,[1]

        Plaintiff,

vs.                               Case No. 2:12-cv-274-FtM-29SPC

FNU PAYNE, Floor Officer and OFFICER
COLON,

        Defendants.
_____

**ORDER OF DISMISSAL WITHOUT PREJUDICE**

    This matter comes before the Court upon initial review of the file. Plaintiff Steve Cantrell, proceeding *pro se*, initiated this action by filing a two-page, handwritten pleading naming two correctional officers from the Lee County Jail as defendants, which the Court construed to be a Complaint (Doc. #1, Complaint).[2] See generally Complaint. According to the Complaint, on April 17, 2012, Defendant Payne denied Plaintiff access to the telephone; thereby, depriving him of his "right" to make one phone call. Plaintiff also claims that Payne denied him access to cleaning supplies to clean his cell. Complaint at 1. Plaintiff states that he filed an inmate grievance and two inmate request slips about the

---

      [1]Based on Plaintiff's confinement at the county jail, it appears Plaintiff is a pre-trial detainee.

      [2]Plaintiff's Complaint is not on the Court's standardized form resulting in the loss of the administrative benefit that the approved form provides to the Court. In the future, Plaintiff must file any civil Complaints on the Court's approved standardized form for use by prisoners.

incident, but only received his inmate request slips back.  Id. Therefore, Plaintiff claims these facts evidence "discrimination." Id.  Plaintiff further alleges that, on a separate occasion, Defendant Colon denied him access to the shower and skipped his cell during the "sheet exchange" while Plaintiff was asleep.  Id. at 2.  Plaintiff did not accompany the filing of his Complaint with either the requisite $350.00 filing fee, or a motion for leave to proceed *in forma pauperis*.  See docket.

**I.**

The Prison Litigation Reform Act requires that the Court review all complaints against governmental officers and entities to determine whether the action is "frivolous, malicious, or fails to state a claim upon which relief can be granted; or seeks monetary relief from a defendant who is immune from such relief."  See 28 U.S.C. § 1915A(a), (b)(1), (b)(2).  In essence, § 1915A is a screening process to be applied *sua sponte* and at any time during the proceedings.  In reviewing a complaint, however, the courts must apply the long established rule that *pro se* complaints are to be liberally construed and held to a less stringent standard than pleadings drafted by attorneys.  Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007).  And, the court views all allegations as true. Brown v. Johnson, 387 F.3d 1344, 1347 (11th Cir. 2004).

Pursuant to § 1915, "notwithstanding any filing fee . . . that may have been paid, the court shall dismiss the case at any time if

the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. § 1915(e)(2)(B)(i)-(iii). The standards that apply to a dismissal under Fed. R. Civ. P. 12(b)(6) apply to a dismissal under § 1915. Leal v. Ga. Dep't of Corr., 254 F.3d 1276, 1278-79 (11th Cir. 2001). Under Rule 12(b)(6), the court views all allegations in the Complaint as true and construes them in the light most favorable to the Plaintiff. Pielage v. McConnell, 516 F.3d 1282, 1284 (11th Cir. 2008). The standard governing Federal Rule of Civil Procedure 12(b)(6) dismissals apply to dismissals under § 1915(e)(2)(B)(ii). Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008); Mitchell v. Carcass, 112 F.3d 1483, 1490 (11th Cir. 1997). Thus, a complaint is subject to dismissal for failure to state a claim if the facts as plead do not state a claim for relief that is plausible on its face. Bell Atlantic v. Twombly, 550 U.S. 544, 556 (2007). A claim is plausible where the plaintiff alleges facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. ___, 129 S. Ct. 1937, 1949 (2009). The plausibility standard requires that a plaintiff allege sufficient facts "to raise a reasonable expectation that discovery will reveal evidence" that supports the plaintiff's claim. Twombly, 550 U.S. at 556. Specifically, although a complaint "does

not need detailed factual allegations . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 555 (citations omitted). Thus, "the-defendant-unlawfully harmed me accusation" is insufficient. Ashcroft, 129 S. Ct. at 1949. "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." Id. Additionally, there is no longer a heightened pleading requirement. Randall, 610 F.3d at 701. The Court may dismiss a case when the allegations in the complaint on their face demonstrate that an affirmative defense bars recovery of the claim. Marsh, 268 F.3d at 1022; Cottone v. Jenne, 326 F.3d 1352, 1357 (11th Cir. 2003); Douglas v. Yates, 535 F.3d 1316, 1321 (11th Cir. 2008).

**II.**

The Court finds the Complaint fatally flawed and subject to dismissal. At the outset, the Court notes that the Complaint fails to comply with Federal Rule of Civil Procedure 10 (a) and (b). The Complaint does not have a caption with the court's name, title, or the parties' names. Fed. R. Civ. P. 10(a). Additionally, Plaintiff's facts are not set forth in separately numbered paragraphs. Fed. R. Civ. P. 10(b). Instead, Plaintiff's facts are set forth in narrative form. See generally Complaint. Thus,

Plaintiff's action is subject to dismissal without prejudice for failure to comply with the Federal Rules of Civil Procedure.

In the alternative, the Court finds the Complaint fails to state a claim upon review of the merits. Liberally construing the *pro se* Complaint, it appears Plaintiff is attempting to set forth an Eighth Amendment claim stemming from the conditions of his confinement at the Lee County Jail. Although the Eighth Amendment's proscriptions apply only to convicted prisoners, it well settled that the same level of protection under the Eighth Amendment is afforded by the due process clause of the Fourteenth Amendment. Bozeman v. Orum, 422 F.3d 1265, 1271 (11th Cir. 2005); Hamm v. DeKalb County, 774 F.2d 1567, 1573-74 (11th Cir. 1985); Cottrell v. Caldwell, 85 F.3d 1480, 1490 (11th Cir. 1996). The standard of review under the Fourteenth Amendment is analogous to case law setting forth Eighth Amendment violations.

The "cruel and unusual punishment" standard, which originally proscribed barbarous methods of punishment, has evolved to reflect society's "standards of decency." Rhodes v. Chapman, 452 U.S. 337, 345-46 (1981), Estelle v. Gamble, 429 U.S. 97, 102 (1976). The court employs a two-part analysis in determining whether the conditions of a plaintiff's confinement violates the Eighth Amendment. Hudson v. McMillan, 503 U.S. 1, 8 (1992). First, the condition must be objectively and sufficiently serious or "extreme" to show that it "pose[s] an unreasonable risk of serious damage to

[a plaintiff's] future health or safety." Chandler v. Crosby, 379 F.3d 1278, 1289 (11th Cir. 2004). Second, plaintiff must come forward with some factual allegations to show that the defendant official "acted with a sufficiently culpable state of mind." Id. (citing Hudson, 503 U.S. at 8). Negligence is not enough. Chandler, 379 F.3d at 1289. Rather, a plaintiff must show the defendant acted with "deliberate difference." Id. Significantly, a defendant must: (1) have subjective knowledge of a risk of harm; (2) disregard that risk; and (3) engage in conduct that rises above mere negligence.

Here, the conditions of which Plaintiff was subjected to involve no more than the denial of a phone call, denial of a shower on one occasion, and the denial of the "sheet exchange" on one occasion. See Complaint. No where does Plaintiff suggest that the conditions posed any threat to this health or safety. Admittedly, Plaintiff "need not await a tragic event" in order to seek relief. Helling v. McKinney, 509 U.S. 25, 33 (1993). However, the Court does not find that these conditions are objectively "extreme" to have posed an "unreasonable risk of serious damage" to Plaintiff's health or safety. Chandler, 379 F.3d at 1290 (citations omitted)(pointing out that Eighth Amendment violations should not be found upon a judge's subjective views).

ACCORDINGLY, it is hereby

**ORDERED:**

1. The pleading, construed as a § 1983 Complaint (Doc. #1), is **DISMISSED without prejudice** for the reasons set forth herein.

2. The **Clerk of Court** shall terminate any pending motions, enter judgment accordingly, and close this case.

3. The **Clerk** may mail Plaintiff one courtesy copy of the approved civil rights complaint form for his future use if he deems necessary.

**DONE AND ORDERED** at Fort Myers, Florida, on this __24th__ day of May, 2012.

JOHN E. STEELE
United States District Judge

SA: alj
Copies: All Parties of Record